```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
INTERNATIONAL UNION OF OPERATING        :
ENGINEERS-LOCAL 825 EMPLOYEE BENEFIT    :
FUNDS and THE TRUSTEES THEREOF,         :    10 Civ. 4563 (DLC)
               Petitioners,             :
                                        :       MEMORANDUM
           -v-                          :     OPINION & ORDER
                                        :
GEORGE FULLER, INC.,                    :
                Respondent.             :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Petitioners, the Trustees of the International Union of Operating Engineers-Local 825 Employee Benefit Funds and the five constituent funds (the "Funds"), have filed this petition for confirmation of four arbitration awards, and for costs and disbursements. Respondent George Fuller, Inc. ("George Fuller") has not opposed the petition or otherwise appeared in this action. For the following reasons, the petition is granted.

BACKGROUND

The Funds are employee benefit plans under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. The International Union of Operating Engineers, Local 825, AFL-CIO (the "Union") and George Fuller are parties to a written collective bargaining agreement (the "CBA"). The CBA contains provisions relating to wages, hours, and working conditions and

requires George Fuller to make monthly contribution payments to the Funds on behalf of certain of its employees.  The CBA also provides for arbitration of any and all grievances or disputes which arise in the interpretation and application of any of the provisions of the CBA.

Pursuant to the CBA, the Funds' Trust Agreement, and Funds' collections policies, an employer subject to the CBA is required to post a bond in cash or by a recognized surety in order to guarantee prompt payment of contributions to the Funds.  The Funds send a monthly remittance report to all employers subject to the CBA.  Each employer is required to provide certain information concerning the contribution amounts owed for employees covered by the CBA and to remit those amounts to the Funds.  If the Funds do not receive the completed remittance form and contributions by the deadline specified in the CBA, the employer is considered to be in violation of the CBA and a notice is sent to the employer demanding that the violation be remedied.

In June 2009, after George Fuller failed and refused to make the required contribution payments due and owing to the Funds for the period of November 3, 2008 to June 22, 2009, the Funds sent a demand for arbitration to George Fuller.  George Fuller was notified that an arbitration hearing would be held on June 22, 2009.  On June 22, a hearing was held before the

Honorable John W. Bissell, the duly appointed permanent arbitrator (the "Arbitrator").  George Fuller failed to appear at the hearing.  After examining all of the evidence, proofs, and documents submitted, the Arbitrator issued his written award on June 29, 2009 (the "June 2009 Award").  The June 2009 Award found the following amounts due and owing to the Funds: $26,452.11 in principal and interest; $5,290.42 in liquidated damages; $2,682.71 in attorneys' fees; and $800.00 in arbitrator's fees, for a total award of $35,225.24.  A copy of the June 2009 Award was mailed to George Fuller on July 8, 2009.  George Fuller has failed and refused to comply fully with the June 2009 Award.

In October 2009, the Funds sent a demand for arbitration to George Fuller based on its failure to pay the contractual interest owed on previously-delinquent benefits.  George Fuller was notified that an arbitration hearing would be held on October 20, 2009.  On October 20, a hearing was held before the Arbitrator.  George Fuller failed to appear.  The Arbitrator issued a written award on November 13, 2009 (the "November 2009 Award").  The November 2009 Award found the following amounts to be due and owing to the Funds:  $595.00 in interest on delinquent contributions; $119.00 in liquidated damages; $89.25 in attorneys' fees and costs; and $800.00 in arbitrator's fees, for a total award of $1,603.25.  A copy of the November 2009

Award was mailed to George Fuller on November 25, 2009.  George Fuller has failed and refused to comply fully with the November 2009 Award.

In February 2010, the Funds sent a demand for arbitration to George Fuller based on its failure to pay previously-unreported benefits that were due and owing to the Funds.  George Fuller was notified that an arbitration hearing would be held on February 23, 2010.  On February 23, a hearing was held before the Arbitrator.  George Fuller failed to appear.  The Arbitrator issued a written award on February 23, 2010 (the "February 2010 Award").  The February 2010 Award found the following amounts to be due and owing to the Funds:  $1,267.84 in unpaid principal and interest; $253.57 in liquidated damages; $164.28 in attorneys' fees and costs; and $800.00 in arbitrator's fees, for a total award of $2,485.69.  A copy of the February 2010 Award was mailed to George Fuller on March 26, 2010.  George Fuller has failed and refused to comply fully with the February 2010 Award.

In February 2010, the Funds sent a separate demand for arbitration to George Fuller based on its failure to post a bond in cash or by a recognized surety in order to guarantee prompt payment of contributions to the Funds as required by the CBA.  George Fuller was notified that an arbitration hearing would be held on February 22, 2010.  On February 22, a hearing was held

before the Arbitrator.  George Fuller failed to appear.  The Arbitrator issued a written award on March 18, 2010 (the "March 2010 Award").  The March 2010 Award found that George Fuller's failure to post a bond violated the CBA and ordered George Fuller to obtain a surety bond or comparable surety agreement immediately.  The March 2010 Award found the following amounts to be due and owing to the Funds:  $5,000.00 in liquidated damages; $442.40 in attorneys' fees; and $800.00 in arbitrator's fees, for a total award of $6,242.40.  A copy of the March 2010 Award was mailed to George Fuller on March 26, 2010.  George Fuller has failed and refused to comply fully with the March 2010 Award.

On June 10, 2010, the petitioners filed this petition to confirm the June 2009, November 2009, February 2010, and March 2010 arbitration awards, and also requested costs and disbursements incurred in bringing this confirmation proceeding. petitioners indicate that of the cumulative total of $45,556.58 awarded by the Arbitrator, the remaining unpaid balance is $24,007.62.  George Fuller did not file any opposition and has not appeared in this action.

DISCUSSION

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate."  D.H. Blair & Co., Inc. v.

5

Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).  Instead, a petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions," and where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  Id. at 109-10 (citation omitted).

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In making this determination, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor."  Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010).  Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set out specific facts showing a genuine issue for trial," and cannot "rely merely on allegations or denials" contained in the pleadings.  Fed. R. Civ. P. 56(e); see also Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  "A

party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Only disputes over material facts -- "facts that might affect the outcome of the suit under the governing law" -- will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." D.H. Blair & Co., 462 F.3d at 110 (citation omitted). A court's review of an arbitration award is "severely limited" so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation. Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted).

"The showing required to avoid summary confirmation of an arbitration award is high," id., and a party moving to vacate an

7

award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law."  Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003).  Thus, a party seeking vacatur of an arbitrator's decision "must clear a high hurdle."  Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758, 1767 (2010).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.  Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

   Petitioners have sufficiently supported their petition and demonstrated that there is no question of material fact.  George Fuller has not submitted any opposition.  Therefore, the petition to confirm the June 2009, November 2009, February 2010, and March 2010 Awards is granted.  Because the Awards are for a sum certain, no further inquiry is required.  In addition, petitioners are granted their costs and disbursements in connection with this confirmation proceeding.

CONCLUSION

The petition to confirm the June 2009, November 2009, February 2010, and March 2010 Awards is granted. The Clerk of Court shall enter judgment against George Fuller for the remaining sums due under the Awards in the amount of $24,007.62, plus interest thereon from the date each sum was awarded, and for Petitioners' costs and disbursements in this confirmation proceeding. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         September 17, 2010

                                             _____
                                                      DENISE COTE
                                         United States District Judge